UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN GOLDEN,

       Plaintiff,

                              Case No. 04-73857

v.                                Hon. Gerald E. Rosen

WASHINGTON MUTUAL, INC.,

       Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     December 13, 2005

PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

### I. INTRODUCTION

Plaintiff Kevin Golden commenced this action in this Court on September 30, 2004, asserting state-law breach–of-contract and misrepresentation claims arising out of the alleged failure of Defendant Washington Mutual, Inc. to properly maintain an escrow account from which Plaintiff's homeowner's insurance premiums and property taxes were to be paid.[1] In particular, Plaintiff alleges that Defendant raised his escrow payments without providing a sufficient explanation or accounting, failed to pay his property taxes

---

[1] Plaintiff subsequently filed an amended complaint that adds claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* Neither of these federal claims is at issue in the present motion.

from this escrow account on at least two occasions, failed to pay his homeowner's insurance premium on at least one occasion, and sent several notices erroneously stating that Plaintiff's monthly payments to Defendant were untimely.

By motion filed on July 22, 2005, Defendant now seeks summary judgment in its favor on Plaintiff's state-law claims of negligent and innocent misrepresentation. In support of its motion, Defendant argues that Plaintiff's misrepresentation claims impermissibly rest solely upon Defendant's promises of future performance, as opposed to any false statements of past or existing fact. Defendant contends that such promises, even if unfulfilled, cannot sustain a claim of innocent or negligent misrepresentation under Michigan law.

Having reviewed Defendant's motion, Plaintiff's response, and the remainder of the record, the Court finds that the relevant facts and legal arguments have been sufficiently presented in these written materials, and that it is appropriate to decide this motion "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court readily concludes that Defendant's motion should be granted.

## II. FACTUAL BACKGROUND

For present purposes, the pertinent facts and allegations are straightforward and essentially undisputed. In April of 2001, Plaintiff Kevin Golden took out a $114,500 mortgage loan from Old Kent Mortgage Company to finance the purchase of his personal residence in Milford, Michigan. As part of the parties' mortgage agreement, Old Kent

promised to establish and maintain an escrow account from which it would pay Plaintiff's property taxes and homeowner's insurance premiums.

Following the merger of Old Kent with Fifth Third Bank, Plaintiff was notified on November 14, 2001 that the servicing of his mortgage loan was being transferred to Defendant Washington Mutual, Inc. On November 20, 2001, Defendant sent Plaintiff a letter confirming that it would begin servicing his mortgage loan on December 1, 2001. In this letter, Defendant stated that Plaintiff should "[r]est assured that the terms and conditions of your home loan will remain the same." (Defendant's Motion, Ex. E, 11/20/2001 Letter.)

Despite this assurance, Plaintiff alleges in his complaint that Defendant failed to carry out its assumed obligation to properly maintain his escrow account and pay his property taxes and insurance premiums from this account. Specifically, Plaintiff alleges: (i) that Defendant raised his monthly escrow payment amount without providing a proper accounting of the basis for this increase; (ii) that Defendant failed on at least two occasions to pay Plaintiff's property taxes out of the escrow account; (iii) that Defendant failed on at least one occasion to pay Plaintiff's homeowner's insurance premium out of the escrow account, resulting in the cancellation of Plaintiff's homeowner's insurance policy; and (iv) that Plaintiff received several notices from Defendant erroneously stating that he was late in making his monthly payments. Based on these allegations, Plaintiff has asserted state-law claims of breach of contract, negligent misrepresentation, and innocent misrepresentation, as well as federal claims under the Fair Credit Reporting Act,

15 U.S.C. § 1681 *et seq.,* and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

### III. ANALYSIS

**A.    The Standards Governing Defendant's Motion**

Through its present motion, Defendant seeks summary judgment in its favor on Plaintiff's state-law claims of innocent and negligent misrepresentation. Under the pertinent federal rule, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, the parties seemingly agree on the operative facts and allegations concerning the two state-law claims at issue, and disagree only as to whether these facts and allegations suffice to state a claim for relief under the governing Michigan law. Accordingly, the Court turns to this controlling question of law.

**B.    Plaintiff Has Failed to Identify a False Statement of Past or Existing Fact That Could Support a Claim of Negligent or Innocent Misrepresentation.**

Plaintiff's state-law claims of innocent and negligent misrepresentation rest solely upon Defendant's written statement in its November 20, 2001 letter that Plaintiff should "[r]est assured that the terms and conditions of your home loan will remain the same." (Defendant's Motion, Ex. E, 11/20/2001 Letter.) Plaintiff has not identified any other allegedly false statements made by Defendant in connection with its servicing of his

mortgage loan; to the contrary, he testified at his deposition that Defendant's November 20, 2001 letter was the lone communication he received from Defendant regarding the company's assumption of Plaintiff's mortgage loan.  In support of its present motion, Defendant argues that the assurances contained in this letter are promises of future performance that cannot provide the basis for a misrepresentation claim under Michigan law.  The Court agrees.

Under Michigan law, "[a] claim of innocent misrepresentation is shown where a party detrimentally relies on a false representation in such a manner that the injury inures to the benefit of the party making the misrepresentation." Forge v. Smith, 458 Mich. 198, 580 N.W.2d 876, 883 (1998).  Similarly, to establish his claim of negligent misrepresentation, Plaintiff must show that he "justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." Mable Cleary Trust v. Edward-Marlah Muzyl Trust, 262 Mich. App. 485, 686 N.W.2d 770, 783 (2004) (internal quotation marks and citation omitted).  Under either theory, Plaintiff must identify a "misrepresentation of past or existing fact," because, as explained by the Michigan Supreme Court, "[a] promise regarding the future cannot form the basis of a misrepresentation claim." Forge, 580 N.W.2d at 884 (footnote with citations omitted); see also Derderian v. Genesys Health Care Systems, 263 Mich. App. 364, 689 N.W.2d 145, 156-57 (2004); Marrero v. McDonnell Douglas Capital Corp., 200

5

Mich. App. 438, 505 N.W.2d 275, 279 (1993).[2]

The assurances made in Defendant's November 20, 2001 letter to Plaintiff clearly were promises of future performance, as opposed to statements of past or existing fact. Defendant promised, in effect, to continue to carry out the terms of the mortgage agreement entered into between Plaintiff and Defendant's predecessor-in-interest, Old Kent Mortgage Company. Indeed, Defendant could not possibly have made any representations of past or existing fact regarding the parties' performance under the mortgage agreement or the maintenance of Plaintiff's escrow account — as of the date of its letter to Plaintiff, Defendant had not yet even ***begun*** its performance under this agreement, but rather was merely assuring Plaintiff as to what it ***would*** do upon assuming the obligation of servicing Plaintiff's mortgage loan on December 1, 2001.

Plaintiff's responses on this point, such as they are, are both factually and legally untenable. First, Plaintiff suggests that Defendant somehow made a "promise" as to "an existing fact," (Plaintiff's Response Br. at 3), where Defendant represented that it would properly maintain Plaintiff's mortgage loan but then failed to do so. Plainly, however, any shortfall in Defendant's performance was not an "existing fact" as of the date of the

---

[2] The Michigan courts have recognized a limited exception to this rule, under which a claim of fraudulent misrepresentation may rest upon "a promise . . . made in bad faith without the intention to perform it." Derderian, 689 N.W.2d at 156 (footnote omitted). Any such exception is unavailing to Plaintiff here, however, where he has not asserted a claim of fraudulent misrepresentation, but only claims of innocent and negligent misrepresentation. See Derderian, 689 N.W.2d at 157 (observing that the above-cited "bad faith" exception does not apply to claims of innocent misrepresentation). In any event, Plaintiff has not produced any evidence that the assurances made in Defendant's November 20, 2001 were offered in bad faith or that Defendant lacked the intent to make good on these assurances.

company's November 20, 2001 letter, but instead was a development that unfolded during the parties' subsequent relationship — a relationship which, the Court again notes, had not yet commenced at the time of Defendant's letter.

Next, while Plaintiff notes various factual distinctions between this case and the ones cited in support of Defendant's motion, Plaintiff fails to suggest any reason why the law as expounded in these prior Michigan court decisions should not be fully applicable here. Nor, more importantly, has Plaintiff cited any authority for the proposition that promises of future performance, such as those contained in Defendant's November 20, 2001 letter, can form the basis for a claim of misrepresentation under Michigan law. In any event, the Court's own research has failed to disclose any such authority — to the contrary, the cases uncovered in this research, including the above-cited Forge decision, merely lend further support to the position advanced in Defendant's motion.

A separate line of authority confirms the Court's conclusion that Plaintiff cannot sustain a claim of negligent or innocent misrepresentation under the facts and allegations presented here. As a general rule, a tort claim under Michigan law cannot rest upon the breach of a contractual obligation. See Brock v. Consolidated Biomedical Laboratories, 817 F.2d 24, 25-26 (6th Cir. 1987); Fultz v. Union-Commerce Associates, 470 Mich. 460, 683 N.W.2d 587, 591-93 (2004). Yet, the misrepresentation claims advanced by Plaintiff here rest solely upon Defendant's alleged failure to properly carry out its obligations under the parties' mortgage agreement.

While it is true, as Plaintiff notes in his response to Defendant's motion, that the

existence of a contractual relationship does not altogether preclude a tort-based theory of recovery, any such tort claim must rest upon a duty owed by the defendant to the plaintiff "that is separate and distinct from the defendant's contractual obligations." Fultz, 683 N.W.2d at 592. Here, Plaintiff has failed to suggest any duty that Defendant might have owed him beyond the obligations set forth in the governing mortgage agreement. Moreover, the duties that Defendant allegedly failed to perform, relating to the proper maintenance of an escrow account and the disbursement of property tax and insurance premium payments from this account, indisputably *were* a product of the parties' contractual relationship. Accordingly, Michigan law limits Plaintiff to a breach-of-contract theory of recovery.

## IV.  **CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 22, 2005 Motion for Partial Summary Judgment is GRANTED.


                                            s/Gerald E. Rosen  
                                            Gerald E. Rosen  
                                            United States District Judge

Dated:  December 13, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2005, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry  
                                            Case Manager